Hear ye, hear ye, hear ye. The United States Court of Appeals for the Fifth Circuit is now open according to law. God save the United States in this honorable court. Thank you and welcome everyone. I think you're probably very familiar with how this works now but please remember to mute yourself when you're not up but to unmute yourself when you are when it is time for you to make your argument. Also please recall do not photograph or record video or audio this session. As well when you make an argument and tell us something about the record, a record site is really helpful because my colleagues have memorized the record but I have not. So that would be much appreciated and please also recall that rebuttal is for rebuttal only. So with that we will begin with case number 20-50203 United States v. Haggerty and we'll begin with Mr. Newton. Good morning, may it please the court. This case ultimately is about the government's burden to prove the federal jurisdiction exists. The specific issue is whether a defendant's non-Indian status under section 1152 is an element or instead is an affirmative defense. However, the cost proof of a defendant's non-Indian status is necessary to establish federal jurisdiction over the underlying offense of malicious destruction of property owned by an Indian tribe in Indian country. The defendant's status as a non-Indian necessarily is a jurisdictional element and like any other element the government has a burden to prove it beyond a reasonable doubt. Because the government failed to do so at trial in this case this court should reverse Mr. Haggerty's conviction and remain with instructions to enter a judgment of acquittal. Before you before you go down the sort of the intricacies of jurisdictional element sufficiency of proof, I have a little difficulty knowing how we get at this in any way other than on habeas alleging ineffectiveness of prior counsel. In other words, this defect if it is one was apparent on the face of the indictment. So my first thought would be you'd if you didn't file a rule 12 objection then you get to trial and there's no objection on this, right? In other words, this issue was never brought to the attention of the district court and there were multiple opportunities to do so. I admit it's a very intriguing difficult issue but I'm wondering how could it possibly be that we look at this de novo when the district court even at a rule 33 new trial motion wasn't given an opportunity. And the last thing because I asked long questions is isn't it true that prior counsel actually used his admission of guilt to get successfully three points of acceptance of responsibility? All right, well let me unpack that. I'll begin with the last one first. Okay. There's precedent, I don't have it off the top of my head, but I handled a case years ago involving this very issue. What happens after a conviction during the pre-sentence investigation in a PSR if sentencing is utterly irrelevant for That makes sense. I think you're right. If sentencing is irrelevant. Okay. It don't happen to the moment before the conviction. So other points. So this is well wait sorry it only would be irrelevant if we're looking at this under plain error which I admit it's a stipulated bench trial and they're squirrelly but if we look at this under plain error what happened at sentencing is relevant. In other words, at the PSR where he says he's not he doesn't describe his race as Indian we could consider that. I respectfully just disagree but okay because it's the sufficiency of the evidence issue. Let me let me turn to the first couple of questions. So this is an element of the offense. It is a jurisdictional element but it is nonetheless an element. It is analogous to proof that a bank is FDIC insured which there's definitely case law saying that's an element and if the government doesn't prove it the defendant gets a judgment of acquittal. So this is not it's jurisdictional absolutely but it's a jurisdictional element. So yes there could have been a challenge to the indictment but the Supreme Court held in Cotton and subsequent other cases that a missing element in an indictment is no longer does no longer guts the jurisdiction of a federal court. In fact if a defendant doesn't object to a missing element in an indictment it's subject to plain error review on appeal. So we're not talking about a case that was it was because it was missing an element in the indictment. We're not we're not challenging the indictment on appeal. We're challenging the sufficiency of the jurisdictional element. Maybe you went on plain error but can you I have the exact same concerns that Judge Dickinson does. I don't understand how you get de novo review. So maybe what I hear you saying is that maybe you went under plain error but what can we figure are we conceding that plain error applies? Oh no absolutely not. So help me understand how you can possibly come and talk to us about a missing element and sufficiency the evidence as you just said without ever telling the district court at any stage. Beginning in I believe 1960 this court held I think it was tall it's in the briefs and in numerous subsequent decisions this court has held in precedent that is applicable to you know in this case that if there is a bench trial as opposed to a jury trial the mere entry of a not guilty plea serves the function as a rule 29 motion at a jury trial. And how would how is that help me understand why would there be a different standard of moving for for an acquittal for judgment of acquittal in a jury trial and a bench trial? I'm not disagreeing that we we've said it I'm curious where did why would that be true? Well I think the reasoning is actually discussed in some of the earlier cases subsequent cases just cite the earlier cases without any sort of analysis but I believe if you go back and look at Hall again in the 60s but nonetheless been reaffirmed repeatedly until quite recently. I believe the reasoning is a district court is not just the trial judge but also the fact finder and that the district court is in the position to you know make the decisions about sufficiency of the evidence without having to have an argument. But that would be true in a jury trial in a jury trial the whole reason you move under rule 29 is you say to the district court as a matter of law there's a missing element there's insufficient evidence on this element please enter a judgment of acquittal that's and if you don't do that you can't come to us and complain about it. So I don't understand why it would be true in fact I would think it would be more true in a bench trial because you don't have to have the jury there to to deal with any of this. Well the bottom line your honor is that there are numerous published decisions of the fifth circuit saying that you do not have to evidence to be able to receive the exact kind of review on appeal that you would receive if it had been a jury trial with a specifically articulated rule 29 motion. So let me ask it this way so there's we're talking about published decisions so Puckett supreme court decision 2009 it says the only way you preserve error is rule 51 that's the only way. Our decision in Delgado which is en banc and would and would control over any panel decision that you're talking about that precedes it says the only way 2012 en banc 2012 decisions is the only way that you can preserve a sufficiency the evidence argument is through rule is through rule 29 or an objection of error under rule 51. Now admittedly Delgado is a jury trial it's not a bench trial but it doesn't make this distinction it just straight up says this is the way you do it if you want to preserve error rule 51 gives you all of the instruments for doing it if you want to move for judgment of acquittal rule 29 gives you all the reasons for doing it and rule 29 doesn't say anything at all about the distinction between bench trials and jury trials. Well your honor there are numerous modern decisions I don't have the specific ones in front of me in relation to the case you just mentioned but this court has never questioned the proposition that at a bench trial the mere entry of a not guilty plea is sufficient to preserve for de novo review of the Jackson versus Virginia issue on appeal. Can I ask you this question because I find it so odd how in the world can you enter a not guilty plea before any evidence is entered and then that would preserve an objection to the sufficiency of the evidence that has not been offered? Your honor I am again going to rely upon numerous published decisions of this court that is so helpful. Can you think of a one rational justification for the rule? Any justification? I would need time to go back and consider those issues that's this is not something that counsel for the government has raised so do you agree with us that the government cannot concede or waive the standard overview? We have multiple published decisions that say that. The government cannot well the court can sui sponte apply whatever standard review it believes is appropriate. I agree with that yeah but that's different from the issue of whether this panel is bound by prior panel precedent in bench trials. Exactly I'm just curious if you can think of a single justification for it I take it the answer is no. Well I guess a judge is aware of the law just like counsel is aware of the law and if the law is each and every element of the offense has to prove beyond be proved beyond a reasonable doubt and presumably a district court is aware of case law of the Supreme Court concerning jurisdictional elements and you know but if I could proceed to the merits of the issue um in terms of whether and whether this is plain error review or or preserved de novo review we win either way because the error is absolutely plain. There are Supreme Court decisions going back to the 1800s all the way through 1990 that clearly hold unquestionably hold the second sentence of 1152 is a jurisdictional limit. A defendant has no burden to disprove subject matter jurisdiction in a case that's absolutely axiomatic. The government has the burden to prove jurisdiction. Congress put it in the form of a second sentence. So on that theory would would the government also in every one of these trials have to negate that there wasn't tribal punishment and there isn't a treaty exception? Those other exceptions built into the second paragraph those are all elements the government's got to negate beyond a reasonable doubt under under the Supreme Court's description of the second sentence of 1152 yes your honor. We're not arguing that we're focusing on the interracial aspect of it. So okay but even if we accept that this is a sufficiency and I have I really have difficulty I don't think you've lost it I think there may have been a tactical reason and perhaps prior counsel has to answer for that in habeas but I have difficulty addressing this but let's assume you're right it's a sufficiency question that somehow was preserved de novo can't the court have made a fair inference from his description as a white male along with his tweets or whatever they were sort of the extraordinary hostility to Indians isn't from those pieces of evidence couldn't a reasonable fact finder have inferred that he isn't Indian himself? Absolutely not. It's not whether you're white or not. No I'm focused more on his tweets or whatever he wrote he he clearly was detaching himself aggressively and antagonistically from Native Americans. Well I think that's a slippery slope your honor to go down the path that a person who expresses racial animus towards a particular racial or ethnic group can be deemed automatically by law not to be a member well I'm not saying by law I'm just saying isn't there an inference once you attack sufficiency we draw all inferences in favor of the fact finder it's an inference that could be drawn not beyond a reasonable doubt no rational fact finder could find beyond a reasonable doubt that a person who expresses racial animus or ethnic animus towards one group is is proved beyond a reasonable doubt not to be a member of that group since 1994. What sort of additional evidence would you require? I can tell you a very easy way the government's making a big deal out of how difficult this would be there is a very very easy way the government could prove a person is a non-Indian give them a DNA test subpoena their blood what what yes we do this all the time your honor there are grand jury subpoenas and trial jury subpoenas for people's DNA we know there are DNA tests that can prove whether a person has Native American blood a certain famous senator recently took one um this is not that blood have been enough it's my understanding that was 1 64th or something I could be a little off but with that blood would her blood have been enough well there's an open question about how much is there the case law that I've read I've seen as little as one eighth but the language used in case law is any quantum any quantum of Indian blood so if the government were to subpoena as they are allowed to do they do it all the time DNA subpoenas happen all the time if they subpoenaed a defendant's DNA and by the way you don't have to do it blood you could just do a buccal swab people do this all the time if if that determined there was no quantum of Native American blood then the person cannot be an Indian and they are by definition a non-Indian even if there is a single case anywhere in the country for this proposition for which proposition your honor this DNA idea that I if this is in your brief I missed it no it's not in our brief I'm responding to a question your honor okay I'm just curious I you brought it up so I'm curious if there's a source order well it there's certainly sources in law for taking DNA samples of suspects we do it all the time and I see no reason why taking the DNA of a so I think I think Judge Holden is asking the title 18 is packed full of status crimes do you have a single case where that status crime has been proven through a subpoena getting a defendant's DNA no but there are cases out there where there has been testimony medical testimony that the person's blood is or is not a certain percent Indian I'm positive there are those cases whether they use your time's up why doesn't McKelvey control why isn't this an affirmative defense because the cook McKelvey is not about jurisdictional elements cook says that if a if an ingredient of a crime cannot be if you can't have an indictment without a ingredient of a crime being pledged and it cannot be an affirmative defense even if it appears in some separate sentence this is a jurisdictional issue as I noted at the outset you can't put the jurisdiction to you can't force a defendant to negate jurisdiction the government has the burden to prove jurisdiction so for you to prevail we've got to say that that is it the ninth circuit the Hester case is wrong absolutely wrong they never cited cook look at all the ninth circuit precedent discussing the issue non-site cook the en banc tenth circuit and Prentice they note that cook trumps McKelvey this court in English noted the relationship between McKelvey and cook this is not like the other cases the goes to jurisdiction that's what makes it so different this is not something it's jurisdiction that is very important because it's the sovereigns of the the tribal government the state government and the federalism the element is necessary to allow the federal government to be very careful in exercising jurisdiction as opposed to letting the states or the tribal governments exercise that jurisdiction it's a jurisdictional element the government has the burden to prove beyond a reasonable doubt they could have proven it they didn't white-ness is not there's no white Indian racial binary anymore since 1994 congress has said Indian or non-Indian in chapter 54 okay thank you you've saved time for rebuttal all right Mr. Gupta may it please the court Neeraj Gupta for the United States this court should follow its rule in Santos Riviera which uses the same rule as the 9th circuit and the 8th circuit that an exception in the second paragraph 11 of 1152 is an affirmative defense and not an element of the crime Santos Riviera addresses or analyzes a statute very similar to 1152 Santos Riviera you know before you get into that how why is the government the government must I mean it's a very interesting case but you must have thought through the whole standard review or procedure default issue and you you haven't presented that to us and and it's very concerning to me I'd love your insights now I took Rosas Fuentes and Hall for what they were worth and they stated that in a bench trial the sufficiency of the evidence review is for play there that they don't waive they don't waive that claim on appeal even if they didn't object at trial and I'm not sure why why that rule exists in this particular case it's a little bit interesting I'm not sure if it's an answer to your question of why that rule exists but the there was never an announcement of what the elements of this case were at a jury trial there would be jury instructions that would lay out what the elements are here the parties never agreed to what the elements are and the court never announced what the elements are so the challenge here and I've seen this before and I've the federal criminal rules don't really deal with it's not just the problem of a bench trial and I admit our law is a little unusual there I don't quite understand it maybe Judge Oldman's right that real challenge is also that a stipulated trial because what's going on there is everyone's thinking it's an equivalent of a guilty plea but it really isn't right a stipulated trial is still challenging the sufficiency of the evidence and here so so you agree the indictment doesn't describe him as non-Indian and exhibit one which is all the evidence we've got doesn't explicitly state it on its face so that's why your argument you've reduced your argument to well it is de novo review but we claim it's an affirmative defense I don't think it's de novo review the the case so it's plain error review what's your best case for that because I would be sympathetic to that but I'm curious what the authority is for that I think it's something up somewhere in between de novo and plain error it's it's the deferential review that's described in Jackson v Virginia where it's this court is highly deferential to the verdict and views the the facts and and in that in the light most favorable to the guilty verdict all right go on go on to the argument okay so this court what the government asked this court to use the analysis from Santos Riviera Santos Riviera cited in the brief and I just like to emphasize what it holds it analyzes a case very similar to 1152 it is a case in which the defendant is charged with a crime of 18 U.S.C. 1203 which criminalizes international hostage taking and the second paragraph of the hostage taking statute creates exceptions to the international reach of it based on the status of the victim and the defendant that's very similar to 1152 in this case this court used the McKelvey analysis to say that an exception in the second paragraph was an affirmative defense and not an element of the crime that was the same analysis that was used in the Ninth Circuit and that was the same analysis that was used in the Eighth Circuit both in analyzing 1152 and we would ask this court to do the same okay but backing up counsel opposite is saying this is jurisdictional to even have the statute what is your response to that that we couldn't even have the statute if they didn't have this element I think the the jurisdiction the word jurisdiction is being used in multiple ways during during a during that argument and I just like to clear up what jurisdiction means here there's two kinds of jurisdiction there's jurisdiction as it's used in Indian country which is which law enforcement body which sovereign can prosecute somebody whether it's the federal government or the state government or the tribe and then there's the separate matter of subject matter jurisdiction and that's not an issue in this case nobody's ever challenged subject matter jurisdiction there's there's a federal crime 18 U.S.C. 1363 there was an indictment for that crime and and under 18 U.S.C. 3231 the district court had jurisdiction to hear that case and decide whether all the elements are there and whether the person is guilty. But there has to be I mean as you know the federal government can't just pass statutes that are untethered to interstate commerce international commerce relationship with Indian tribes I mean there has to be something they can't just say my two neighbors on the driveway can't fight with each other here in Texas okay there's nothing international interstate anything to tether it to the federal constitution and federal law so I think maybe I'm misunderstanding Mr. Newton's argument but I'm understanding him to say to even get to this statute you have to have this Indian versus non-Indian peace so can you the jurisdictional component that you're asking for is in 1152 which says that when this happens in Indian country then 1163 is implicated the federal enclave law applies when this happens in Indian country so the jurisdictional element that would need to be proven at trial is that the crime occurred in Indian country it would be a matter of fact for the fact finder to decide that a crime occurred in in in this geographic area and the judge as a geographic area is Indian country it's pretty subtle supreme court law that the status of the victim is an essential element right no no no I I think that we tried to address that in our brief I called Lucas and Smith I guess I'm wondering um you don't agree with that okay well because if it were then it would be odd to say that the status of the defendant isn't an essential element but the status of the victim is I don't think that's the right analysis the question under 1152 is whether this is an Indian on Indian crime that's the exception Indian on Indian crime and what would happen what's happening in Lucas and Smith is that they've they're analyzing the sufficiency of a case where the defendant has raised an issue and then the appellate court is saying did the government overcome beyond a reasonable doubt this claim that the exception applies and it it's nothing to do with the status of the victim or this or the status of the defendant as if each of these are separate things that are separate elements the issue is whether this is Indian on Indian crime that's the exception in 1152 okay so if if if we were to say that it was an essential element do you lose or on sufficiency review is there or not I think it's it would be difficult the the court would have to make an inference that as you described that that that the the district court analyzed this question and decided beyond a reasonable doubt that this person was a non-indian and and that's that's a that's a that's default standard to meet okay so then I to affirm you've got to we would have to say that the en banc 10 circuit was wrong in Prentiss that's right and I'd like to talk about why so the the Prentiss this court should reject Prentiss but this court doesn't have to reject the Supreme Court case that Prentiss is based on that Supreme Court case is US v Cook and Prentiss misapplies US v Cook and so does appellant and so does appellant and so does appellant and Prentiss and Prentiss is based on Prentiss and Prentiss is based on pact 980 of Prentiss decision US v Cook is about the language of the statue it's about the language can the language of the exception be removed from the statute and this is what is what's left contain the ingredients of the offense and does it not make reference to the removed language it's about the language of the statute and the Prentiss page 980 and in the appellant in their argument talks about the importance of the exception not the language of the exception but the importance of the exception they say well this is an important exception so therefore it's an element that's how they applied cook that's how they applied cook and we're asking this court not to reject cook but to say but to not apply cook that way if you look at 1152 it's two paragraphs the first paragraph says except as otherwise expressly provided by law federal enclave law applies in Indian country and then there are some exceptions and if you remove those exceptions the first part of the paragraph doesn't make reference to those exceptions when it says except as otherwise provided by law there are other exceptions in chapter 53 most notably 1162 which carves out six states from 1152 so we think the best analysis is McKelvey and this court has already applied McKelvey in Santos Riviera and to a statute that's very similar to 1152 where the exception was in a separate paragraph it was based on the status of the of the defendant and the victim and it was held to be an affirmative defense and not an element of the crime the Ninth Circuit has reasoned the same the Eighth Circuit has reasoned the same way in Webster although to a different exception and we would ask this court to do the same and reject the application of cook in Prentice without necessarily rejecting cook itself well if that if that's all you're gonna say on that I just had one question on the sentencing issue um often I mean it's it's an unusual crime and therefore it's an unusual guideline enhancement it is whatever the three things there are the value the value equals the cost the whatever they the three and as I read the record here no one was quite sure how to how to assess that and therefore there was a phone call to the Commission in the record it seems like that's fine that happens all the time but then there was a reference in the sentencing proceeding that it then went to mediation can you explain what that what that was about no I don't know the facts of that actually I didn't understand I what I I think I think that it's very I think that this the sentencing guidelines state in the guidelines that by the plaintext of the guidelines and the notes to the guidelines that what matters here is value not loss and I think that I think that appellants concede that and on the reply say well that leads to an absurd result and that's a that's a matter of studying that what happened here and it sounds like the Commission came back and said we think it's all three together aggregated but obviously the district court didn't do that here that's right so you're the government's position is you can choose but then it was what I just didn't understand I'd never seen it was there was a reference to mediation but maybe opposing counsel will have a recollection doesn't really matter your position is that the given a cultural artifact a district court has discretion to pick any one of the three or that what the district courts is supposed to do is value the cultural heritage resource and there are three possible ways of valuing it and including combining them it's the district courts decision to try to come up with a value and you can imagine imagine things being damaged and trying to come up with a value where you would have to combine the restoration cost and and and other and other values and try to figure out what the value of it is here it's not so complicated the value of it is what they bought it for three months earlier okay then the argument is that that's an absurd result which is an argument that was made at sentencing that there should be a variance in a departure and the district court rejected that and there's no there's been no argument that that sentence was substantively unreasonable I'd like to talk about the stakes that the stakes of this case here there's the appellant has been arguing or appellant argued that this is about tribal sovereignty if you read the sentencing hearing on page 139 the they introduced the police chief of the tribe who came to the sentencing hearing who helped solve the case he he wasn't allowed to prosecute this case this case isn't about protecting tribal sovereignty the only person the only law enforcement entity that could prosecute this case was the federal government this is a non-indian committing a crime against an Indian in Indian country so the only way to prosecute this is through 1152 and adding extra burdens to the government under 1152 does nothing to protect the tribes and I'd like to talk a little bit about that burden if you the cases that are helpful to read are cited in the brief from the Ninth Circuit Bruce and Risa Ramos and both of them lay out what the process is approving or disproving that somebody is an Indian it's not just that they are enrolled from one of the 574 federally recognized tribes the government doesn't merely have to disprove that but they could also be affiliated or recognized by the tribe in some way and still be considered Indian for the purposes of criminal jurisdiction or for the purpose of for fitting under 1152 they could be in Bruce the person wasn't enrolled but participated in religious ceremonies so the government somehow has to disprove that they're not only that they're not affiliated with or associated socially or religiously with a tribe this isn't a burden that the government can really do it's a much more practical burden and a for the defendant to make a claim that they are or are not Indian and then for the government to investigate that claim. So you disagree that the blood sampling however we analyze that would be sufficient anyway? Well it's a two-part test for somebody to prove that they're Indian the first test this is from the and then it's it's been cited by a number of other cases and I think that the clearest cases are those Ninth Circuit cases Risa Ramos and Bruce so that the defendant or the somebody claiming to be an Indian has to prove two things that one that they have some quantum of blood that they have an ancestor who's Indian and two that they're affiliated with one of the 574 federally recognized tribes so the government can disprove that by disproving either one of those two steps one of those two parts now the Tenth Circuit the Prentiss decision is from 2001 and I'm not I'm not aware of the Tenth Circuit doing any DNA tests to disprove so that somebody is a is an it doesn't really seem feasible for a bunch of reasons and I and I I think the way the Tenth Circuit has proven that somebody is a non-Indian is by interviewing them and having them admit that they're a non-Indian but otherwise it's it's a pretty difficult burden to prove that somebody isn't affiliated with a tribe in some way and that was the Bruce case where the person came forward with this information that they were participating in tribal religious ceremonies no there's no the government has no way of knowing that the government can't affirmatively disprove this as part of their case prior counsel wanted only didn't want to do a conditional plea because he wanted to attack the Constitution and the vagueness aspect right I'm not sure they are the lesson here is these stipulated bench trials they always lead to new issues on appeal I agree but uh and the way it the system is designed is a conditional plea where the district court then addresses it makes a ruling and then it all goes up like that but I'm not sure why there was a stipulated bench trial here I think the defendant has the right to waive a jury trial that's one of the defendants decisions that they're allowed to make and then but the government doesn't the government have to consent maybe I'm wrong I'm not sure no matter okay I'm stipulations happened okay any further arguments I think throughout their brief the appellant discusses John and Westmoreland and the government just asked the court to look at those cases they don't stand for what appellant is claiming they do John was a decision in the Fifth Circuit that an indictment and could be upheld under 1152 it wasn't a case that laid out extra elements for 1152 it's the opposite and Westmoreland we discussed it in our in our brief it's a Supreme Court case that discussed whether the government needed to prove that or had sufficiently proven or had alleged properly alleged that somebody was a non-indian and decided that it didn't matter that was a harmless defect because it hadn't been raised before the verdict so that's not a decision that supports the appellant's argument that that this is a something of the government needs to affirmatively proven in fact it it suggests that it's an affirmative defense that the defense defendant has to raise if there's nothing else then we'll rest on the briefs and ask the court to confirm the mr. Newton you reserve time from rebuttal yes your honor I have several points I want to discuss in rebuttal but I do feel it's necessary to raise one issue in response to judge Oldham's questions about the Hall case and all the other cases that you know why should that rule be followed in the future I think it's very important to note the Supreme Court is held in closely analogous circumstances that when the procedural default doctrine changes somehow in a jurisdiction you can't retroactively apply it and I'm not saying that you retroactively by anything I'm asking you Puckett and Delgado and rule 51 all specifically tell you how to preserve error in this exact error and I'm just trying to figure out why it is that you your argument seems to hinge on us not reading rule 51 rule 51 literally says a party may preserve a claim of error by informing the court when the court ruling or order is made or sought of the action the party wishes the court to make and the only thing I've heard from you is that it is sufficient to say your honor the evidence is insufficient and the judge goes well we haven't heard any evidence yet you're just pleading not guilty the government hasn't offered anything I haven't looked at the stipulated facts we haven't done anything and I don't understand that I'm no one's talking about changing rule 51 I'm just asking you what would be the authority for ignoring the text of the rule what the Supreme Court said in Puckett and what we said in Delgado on Boston 2012 prior to your trial these cases that I have cited have never been overruled in light of any language in rule 51 or Delgado or Puckett so my point simply is there is there was notice put out to the world that this is how the issue can be preserved and it would be fundamentally unfair to retroactively require other things so I want to address opposing counsel's argument about but before you do I mean aren't I right that your client is fully protected if in fact he's Indian there's no way you would overcome a Strickland habeas filing if your clients Indian he's gonna win there's no strategic reason here right part of the issue is not no I'm just asking no I'm just asking you that point he will win on habeas if he's Indian do you have a thought on that I would suppose he would but that doesn't matter in terms of the Jackson versus for joy I know that I know I know I'm just obviously okay go similar to this case the statute the hostage-taking Act section 1203 a and B to they do not concern jurisdiction yes they do involve status but they don't they are not jurisdictional requirements those are simply policy choices Congress made they do not go to jurisdiction and therefore that case and any any other cases that do not concern jurisdiction are inapplicable here they're very different line of cases so I also want to talk about section 689 which the government of the justice criminal justice resource manual the government's own guidance to its attorney says these are jurisdictional issues it's on the internet you can pull it up there's a chart and the chart says Indian non Indian Indian Indian non-Indian Indian and it says jurisdiction no jurisdiction jurisdiction no jurisdiction this is clearly a jurisdictional matter Duro Lucas Westmoreland all those cases make it abundantly clear this court's decision in John in 1979 it's clearly a jurisdictional issue you cannot put the burden on a defendant to negate jurisdiction it is an element the government's a fundamental basic element it would be a due process violation to shift the burden to the to the defendant to disprove fundamental jurisdiction so it is a jurisdictional element Jackson versus Virginia versus Virginia applies to jurisdictional elements such as the FDIC line you know the insurance line of cases where that this court has held and other courts have held those are jurisdictional elements this is quite simple it may not be something that you know the court thinks is a is fair to the government but the government ultimately has the burden to prove beyond a reach be reasonable doubt each and every element and they did not do so counsel it not opposing counsel acknowledges that if this court applies Jackson versus Virginia in a preserved manner to the end and deems this a jurisdictional element counsel candidly conceded there is insufficient evidence whiteness is not enough anti pro-Christopher Columbus views are not enough it's that simple best three simple propositions it's a jurisdictional element it was preserved by the entry of the not guilty plea and there's insufficient evidence to prove it beyond a reasonable doubt under Jackson versus Virginia it's that simple regarding the tribal sovereignty issue whether in this instance counsel for the government believes it's it's disrespecting tribal sovereignty that was not my point my point is Congress created this jurisdictional element in all cases globally because it considers the jurisdiction of the federal government visa be the state governments visa be tribal governments that's why it's a jurisdictional element and I thank you okay we thank you both for your arguments this case is under submission and you all are excused